**Edgar Lee SHOBE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15160.**

United States Court of Appeals, Eighth Circuit.

April 5, 1955.

---

12. Cf. Executives Club of Louisville v. Glenn, D.C.W.D.Ky., 107 F.Supp. 668.

13. Including members of other clubs associated with the corporation.

14. Cf. Newland v. Penwell, D.C.Mont., 85 F.Supp. 294.

Edgar Lee Shobe, pro se.

Edward L. Scheufler, U. S. Atty., and William O. Russell, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court entered June 22, 1954, denying a motion of Edgar Lee Shobe under Section 2255, Title 28 U.S.C., to vacate a sentence of five years imprisonment imposed upon him by that court on September 4, 1953. The sentence was based upon Shobe's conviction by a jury under an indictment charging him and others, under Section 371, Title 18 U.S.C., with having conspired to steal letters containing United States Treasury checks from the mail, to forge endorsement on the checks, and to utter the forged checks as genuine, with intent to defraud the United States.

Shobe and several of his co-defendants, who were convicted by the jury and sentenced by the court, filed on September 9, 1953, a motion for a new trial because of errors of law allegedly committed by the court during the trial. The motion was denied. No appeal was taken by Shobe from his sentence. On November 18, 1953, he filed a motion under Section 2255, Title 28 U.S.C., to vacate the sentence upon grounds which challenged the adequacy of the evidentiary basis for the verdict and judgment, and certain rulings of the District Court during the proceedings culminating in the sentence complained of.

On January 23, 1954, the court denied Shobe's motion of November 18, 1953, pointing out that Section 2255 was not a substitute for an appeal, and that the grounds stated in Shobe's motion raised questions reviewable only on appeal.

On April 30, 1954, Shobe filed another motion to vacate sentence, again asserting errors which would be reviewable only on an appeal from the judgment and sentence. The District Court denied the motion of April 30, 1954, upon the grounds: (1) that the questions Shobe sought to raise were not reviewable on a motion to vacate sentence under Section 2255, and that the record conclusively showed that he was entitled to no relief under his motion; and (2) that having theretofore ruled upon a similar motion based on substantially similar grounds, the court was not required to entertain the motion of April 30, 1954.

It is only where a sentence is void or otherwise subject to collateral attack that Section 2255 affords a reme-

dy, and a motion under that Section cannot function as an appeal. Taylor v. United States, 4 Cir., 177 F.2d 194; Dennis v. United States, 4 Cir., 177 F.2d 195; United States v. Jonikas, 7 Cir., 197 F.2d 675, 676; United States v. Rutkin, 3 Cir., 212 F.2d 641, 643; Pelley v. United States, 7 Cir., 214 F.2d 597, 598. The questions raised by Shobe's motions were questions reviewable only on appeal.

See, also, D.C., 115 F.Supp. 752.

■ Moreover, the District Court was entirely justified in denying Shobe's second motion on the ground that it was a "second or successive motion for similar relief" which Section 2255 expressly provides the sentencing court shall not be required to entertain. Moss v. United States, 10 Cir., 177 F.2d 438; Hallowell v. United States, 5 Cir., 197 F.2d 926; Johnson v. United States, 5 Cir., 213 F.2d 492, 494.

The order appealed from is affirmed.