Amos **BLACK**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

**No. 16290.**

United States Court of Appeals
Ninth Circuit.

June 29, 1959.

Rehearing Denied Aug. 19, 1959.

See also 21 F.R.D. **7.**

**40**

Amos Black, Los Angeles, Cal., in pro. per.

Laughlin E. Waters, U. S. Atty., Ronald S. Rosen, Robert John Jensen, Los Angeles, Cal., for appellee.

Before POPE, HAMLEY, and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

Invoking 28 U.S.C.A. § 2255, Amos Black moved in the district court to va-

cate sentences imposed after his conviction for violations of a federal narcotics law, 21 U.S.C.A. § 174. An order was entered denying the motion and Black appeals.

He here urges as grounds for reversal the numerous reasons which were advanced in the district court in support of his motion. Before reaching the merits of the appeal, however, we must consider the government's contention that the district court did not have jurisdiction.

It is a jurisdictional requisite to a section 2255 proceeding that the movant then be in custody under sentence of a court.[1] The Government asserts that Black was not in custody under sentence of a court when this proceeding was instituted, or at any time since, because he has elected not to commence service of his sentence.

Following a jury trial and conviction, Black was adjudged guilty on September 16, 1957, and sentences were imposed. Black moved in the district court for leave to appeal in forma pauperis. This motion was denied on September 26, 1957. A formal notice of appeal from his conviction was filed on September 27, 1957.[2]

On September 30, 1957, Black advised the United States marshal, in writing, that he elected not to commence service of his sentence. This was done pursuant to Rule 38(a)(2), Federal Rules of Criminal Procedure, 18 U.S.C.A. Rule 38(a)(2) provides that a sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence.

On October 16, 1957, Black filed a motion in this court for leave to proceed with his appeal in forma pauperis. This

1. 28 U.S.C.A. § 2255; Crow v. United States, 9 Cir., 186 F.2d 704; Lopez v. United States, 9 Cir., 186 F.2d 707; United States v. Bradford, 2 Cir., 194 F.2d 197.

2. Since this was not timely under Rule 37(a)(2), Federal Rules of Criminal Procedure, 18 U.S.C.A., it did not confer ju-

risdiction on this court. United States v. Isabella, 2 Cir., 251 F.2d 223. However, the motion for leave to appeal in forma pauperis was filed on or prior to September 26, 1957, and therefore satisfies the requirement for timely filing of notice of appeal. Burdix v. United States, 9 Cir., 231 F.2d 893.

motion was denied on November 12, 1957 (Misc. No. 696).

■ It is provided in Rule 39(c), Federal Rules of Criminal Procedure, that the record on appeal shall be filed with the appellate court and the proceeding there docketed within forty days from the date of the notice of appeal. But where, as here, an appellant timely moves for leave to proceed in forma pauperis, this forty-day period does not begin to run until disposition of such motion. Accordingly, Black had until December 23, 1957, to file the record and docket the appeal.[3]

He did not take either of these steps prior to that date, and has not done so to this day. Nor has he taken any of the other steps required of an appellant in perfecting his appeal.[4] Notwithstanding these facts, the Government has never moved to dismiss the appeal,[5] and it has not been formally dismissed on the records of this court. In the meantime, Black remains in custody in a Los Angeles jail, purportedly under a stay of sentence pending appeal.

■■ On April 28, 1958, Black filed the instant section 2255 motion to vacate sentence. Such a motion may not be entertained if there is a pending appeal in good standing, since disposition of the appeal may render the motion unnecessary. The filing of such a motion is the beginning of a new proceeding independent of the criminal proceeding. Bruno v. United States, 86 U.S.App.D.C. 118, 180 F.2d 393. For the purpose of disposing of the jurisdictional question now before us, the appeal is therefore deemed to have been abandoned on or before April 28, 1958. Since that date Black has not been entitled to a stay of sentence pending appeal from his criminal conviction.

■ A stay of sentence pursuant to Rule 38(a)(2) may not be obtained pending appeal from an order in a section 2255 proceeding.[6]

It follows from what is said above that Black has not been entitled to a stay of sentence since at least April 28, 1958. Therefore, since at least that date he is to be regarded as in custody under sentence of the district court. The "custody under sentence" prerequisite to a section 2255 motion having been met, the district court had jurisdiction to entertain the proceeding.

■ A sentence is not ordinarily subject to collateral attack in a section 2255 proceeding for errors of law which could have been corrected by an appeal.[7]

---

3. The fortieth day from November 12, 1957, when the motion for leave to proceed in forma pauperis was denied, was December 22, 1957. Since that day was a Sunday, the period expired on the following day.

4. See Rules 17(6) and 18(1), Rules of the United States Court of Appeals for the Ninth Circuit, 28 U.S.C.A.

5. Such a motion would have been appropriate under Rule 39(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. See, also, Rule 18(7), Rules of the United States Court of Appeals for the Ninth Circuit. In the Government's brief on the instant appeal it is incorrectly stated that "no appeal was ever taken" from the judgment of conviction. Had this been the case, Black would not have been entitled to any stay of sentence under Rule 38(a)(2).

6. Banks v. United States, 9 Cir., 218 F. 2d 640; Taylor v. United States, 9 Cir., 179 F.2d 640.

7. Perno v. United States, 9 Cir., 245 F.2d 60; United States v. Angelet, 2 Cir., 255 F.2d 383, 384; Pelley v. United States, 7 Cir., 214 F.2d 597, 598. The sole purpose in enacting section 2255 was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum. United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232. A writ of habeas corpus is not ordinarily permitted to do service for an appeal. In this regard section 2255 proceedings and habeas corpus proceedings stand on the same footing. Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268. As therein indicated, there may be ex

Measured by this rule, the following reasons for vacating the sentence, urged here and in the district court, are inappropriate for section 2255 relief: (1) Insufficiency or incredibility of evidence (Brule v. United States, 9 Cir., 240 F.2d 589; Marshall v. United States, 6 Cir., 217 F.2d 467, 469); (2) entrapment (Stanley v. United States, 9 Cir., 239 F.2d 765); (3) failure to supply documents as required by Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (United States v. Angelet, 2 Cir., 255 F.2d 383, 385); [8] and (4) the arrest was not made on a commissioner's warrant (Lewis v. United States, 9 Cir., 235 F.2d 580, 581).[9]

■ Some of the other contentions made by Black have no basis in fact. He asserts that no indictment was ever returned against him, but an indictment was returned on July 3, 1957. He states that bail was never set, but bail in the sum of twenty thousand dollars was set on the indictment. He alleges that he was never arraigned, but he was arraigned on July 15, 1957. He represents that a copy of the indictment was not handed to him at the time of arraignment, but the transcript of that proceeding indicates otherwise.

Appellant's remaining contentions relate either to matters which could not have been prejudicial or which are without merit as a matter of law.

■ Apparently invoking the rule of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, Black complains of the fact that he was interrogated by federal officers on June 7, 1957, but was not brought before a federal judicial officer until July 15, 1957. Black was in state custody at the time of this interrogation. Moreover, no admissions or confessions obtained from the interview were brought out at the trial.

■ Black contends that one Eddie Houston, an asserted informer, was not placed on the witness stand, that he was not a credible witness, and that he declined to testify, invoking the Fifth Amendment. These contentions are obviously inconsistent with each other. The fact is that Houston was called to the witness stand by Black's counsel but declined to give any testimony, invoking the Fifth Amendment. This being so, Houston's credibility as a witness is immaterial. Houston's refusal to testify did not deprive Black of a fair trial.

■ Black makes a point of the fact that a codefendant, Yvonne Shelton, was treated differently than was he. Different charges were placed against her. She pleaded guilty to these charges and was sentenced to twenty years imprisonment. None of these circumstances could have prejudiced Black. The codefendant did not testify at Black's trial.

■ Appellant argues that he was not competently represented by counsel during the trial. This is not a ground for relief under section 2255 unless it is shown that the attorney's conduct was so incompetent that it made the trial a farce, requiring the court to intervene in behalf of the client. Latimer v. Cranor, 9 Cir., 214 F.2d 926, 929. In denying the instant section 2255 motion the district court found that the conduct of Black's counsel at the trial "was that of a skillful and experienced lawyer." Our reading of the record confirms this view.

ceptional cases where, because of special circumstances, the use of habeas corpus as an aid to an appeal may be permissible. No such circumstances appear here.

8. While Black requested production of grand jury minutes, the fact is that there was no transcript taken of the testimony before the grand jury. Reports of the officers involved in the case were furnished to defense counsel after such officers had testified on direct examination.

9. A commissioner's warrant was issued but returned unexecuted because Black was in state custody. He was later produced in court pursuant to a writ of habeas corpus ad prosequendum. A bench warrant was executed on July 30, 1957, at which time Black became a federal prisoner.

Appellant contends that the imposition of sentences which aggregate thirty years is "cruel and unusual" punishment within the ban of the Eighth Amendment.[10] Black points out that he is now fifty-one years of age, and argues that the aggregate sentences therefore amount to life imprisonment.

Since the sentence on each count was fifteen years, each was within the maximum of twenty years for the first offense as authorized by 21 U.S.C.A. § 174. Considered in the aggregate, the sentence of thirty years which was imposed was half of what could have been imposed under the statute.

The Eighth Amendment was adopted to prevent inhuman, barbarous, or torturous punishment. It is possible for the length of a sentence to be so disproportionate to the offense as to fall within the inhibition. Hemans v. United States, 6 Cir., 163 F.2d 228, 237. Ordinarily, however, where the sentence imposed is within the limits prescribed by the statute for the offense committed, it will not be regarded as cruel and unusual. Edwards v. United States, 10 Cir., 206 F.2d 855. In our view the aggregate sentence imposed on Black is not so disproportionate to the offense committed as to offend the Eighth Amendment ban.

As an additional reason for reversal, Black urges in effect that he should have been found not guilty by reason of insanity, pursuant to the test announced in Durham v. United States, 94 U.S.App. D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430. The Durham rule does not apply in this circuit. Sauer v. United States, 9 Cir., 241 F.2d 640.

Finally, appellant argues, the sentence should have been vacated because a Government witness, one William C. Gilkey, was assertedly guilty of perjury.

In order to have a sentence vacated on the ground of perjured testimony, it is necessary to show that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured. Taylor v. United States, 8 Cir., 229 F.2d 826.

No such showing was made. We have examined the transcript of Gilkey's testimony and find nothing more serious than some minor inconsistencies and inaccuracies which must have been self-evident to the jury.

Affirmed.

---

10. Black was adjudged guilty on three counts, each charging a violation of 21 U.S.C.A. § 174. A fifteen-year sentence was imposed on each count. It was provided that the sentences on counts one and two would be served consecutively. It was further provided that the sentence on count three would be served consecutively to the sentence on count one and concurrently with the sentence on count two.