**Curtis Harold LINK, Appellant,**
**v.**
**UNITED STATES of America, Appellee.**
**No. 16794.**

United States Court of Appeals Eighth Circuit.

Oct. 27, 1961.

Rehearing Denied Nov. 16, 1961.

[redacted]

Curtis Harold Link, pro se.

D. Jeff Lance, U. S. Atty., St. Louis, Mo., and Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., on the brief, for appellee.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion of the appellant under 28 U.S.C. § 2255 for vacation of a sentence of imprisonment based upon the verdict of a jury finding him guilty of having entered a bank insured by the Federal Deposit Insurance Corporation, with intent to commit larceny, in violation of 18 U.S.C. § 2113(a). The order appealed from, the recitals of which are correct, reads as follows:

> "Defendant Curtis Harold Link and three others were jointly charged in this cause with violation of 18 U.S.C., § 2113(a). Trial was

had before a jury on May 2, 1960, and defendant Link was found guilty as charged. Motion for new trial or arrest of judgment was filed, heard, overruled and said defendant was sentenced by this Court on May 13, 1960. He filed a notice of appeal and a motion to proceed in forma pauperis on August 1, 1960. The appeal was allowed to be filed without prepayment of costs on August 3, 1960, and on that same date the motion to proceed in forma pauperis was denied.

"Thereafter, the matter went to the Eighth Circuit Court of Appeals and on September 9, 1960, said Court appointed counsel for defendant on his appeal challenging the certification of the trial court refusing to allow defendant to appeal in forma pauperis. On January 9, 1961 [287 F.2d 566], the Court of Appeals ordered the appeal docketed, denied leave to appeal in forma pauperis and dismissed the appeal 'for want of jurisdiction and being legally frivolous'. The mandate thereon was received in this Court on February 9, 1961.

"This defendant has now filed a motion to vacate and set aside judgment and sentence pursuant to 28 U.S.C., § 2255, and same was accompanied by a motion for leave to file and proceed in forma pauperis. The motion to proceed in forma pauperis was delivered to the Court and the motion to vacate was designated as 'lodged' by the Clerk.

"The Court will consider both the motion to vacate and the motion to proceed in forma pauperis. A review of the files and records of this cause disclosed that defendant was represented by counsel, was tried by a jury, was found guilty and sentence and judgment was entered in accordance with the provisions of the statute involved; he filed notice of appeal and said appeal was dismissed by the United States Eighth Circuit Court of Appeals.

"It is found by the Court that the files and records of this case show conclusively that this defendant is not entitled to relief, hearing is not necessary and it is

"Ordered that defendant's motion to vacate and set aside sentence is overruled and the relief therein prayed for denied.

"It is further ordered and decreed that defendant's motion to proceed in forma pauperis is without merit and frivolous and is only for the purposes of vexation and delay and therefore said motion is overruled and the relief therein prayed for denied.

"Done this 8th day of May, 1961."

■■ The appellant asserts that the offense with which he was charged, of which he was convicted, and for which he was sentenced, was not a federal offense, since the insured bank was unoccupied at the time it was entered. His motion was a collateral attack upon the judgment and sentence, and his appeal from the denial of the motion presents nothing that is reviewable by this Court. The sufficiency of the indictment in a case such as this may not be raised collaterally after conviction, nor may the sufficiency of the proof to sustain the conviction be so raised.

■ A motion under 28 U.S.C. § 2255 cannot operate as an appeal. Callanan v. United States, 8 Cir., 274 F.2d 601, 605; Burns v. United States, 8 Cir., 229 F.2d 87, 89; Shobe v. United States, 8 Cir., 220 F.2d 928, 929–930; Taylor v. United States, 4 Cir., 177 F.2d 194; Dennis v. United States, 4 Cir., 177 F.2d 195; Sanders v. United States, 4 Cir., 230 F.2d 127, certiorari denied 351 U.S. 955, 76 S.Ct. 852, 100 L.Ed. 1478; Dockery v. United States, 4 Cir., 237 F.2d 518, certiorari denied 353 U.S. 912, 77 S.Ct. 670, 1 L.Ed.2d 666.

In Taylor v. United States, supra (at page 195 of 177 F.2d), the Court of Appeals for the Fourth Circuit said:

"Prisoners adjudged guilty of crime should understand that 28 U.S.

C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."

The appellant has had his full day in court. His appeal is plainly frivolous. It is dismissed.