**Judson Edgar HOLT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16846.**

United States Court of Appeals
Eighth Circuit.

June 19, 1962.

William E. Rulon, St. Louis, Mo., made argument for the appellant and filed brief.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., made argument for the appellee and D. Jeff Lance, U. S. Atty., St. Louis, Mo., was with him on the brief.

Before VOGEL, VAN OOSTERHOUT and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

This is an appeal from an order of the district court denying Judson E. Holt's motions under 28 U.S.C.A. § 2255 and Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C.A.

Appellant has been twice found guilty by jury for narcotic violations under Title 26 U.S.C.A. §§ 4741(a), 4742(a) and 4744(a). His first conviction was reversed by this court because of a prejudicial misstatement of evidence by the United States Attorney and the court. Holt v. United States, 8 Cir., 267 F.2d 497. On appeal, based upon an allegedly erroneous admission of defendant's oral confession, the second conviction was affirmed. Holt v. United States, 8 Cir., 280 F.2d 273, cert. den. 365 U.S. 838, 81 S.Ct. 750, 5 L.Ed.2d 747. After his second conviction and while his appeal therefrom was pending in this court, appel-

lant, alleging "newly discovered evidence," filed a motion for new trial under Rule 33, Federal Rules of Criminal Procedure. This motion was dismissed by the trial court for lack of jurisdiction.[1] An appeal from this order was taken and after the filing of our opinion affirming the second conviction, and denial of petition for certiorari by the United States Supreme Court, by appropriate order of March 15, 1961, we vacated the order of the district court dismissing the motion for new trial and remanded the cause for purpose of consideration of the motion. On April 27, 1961, appellant filed a motion under 28 U.S.C.A. § 2255 to vacate the judgment and sentence and, in the alternative, reiterated his claim for new trial under Rule 33 upon the ground of "newly discovered evidence." The trial court afforded appellant a full hearing on these motions, appellant was present at the hearing, was represented by court-appointed counsel, and testified at great length in support of his allegations. Succinctly stated, defendant urged two grounds for relief—a) that he was not properly represented by counsel, and b) that a government witness testified falsely during the trial. The court considered all points raised by defendant and concluded that he had had a fair trial, been ably represented by counsel, and that he had failed to show any competent newly discovered evidence which would entitle him to a new trial.

We appointed William E. Rulon, Esquire, member of the bar of the City of St. Louis, Missouri, to represent appellant on this appeal. Mr. Rulon prepared and filed an 18-page brief, appeared in our court, and presented oral argument. Appellant also filed an original and a reply brief, apparently prepared pro se.

In the briefs appellant again raises a number of issues based upon alleged discrepancies in testimony or perjury of a government witness, none of which can be determined in a § 2255 proceeding. In summary, the contentions are made:

(1) That the conviction was based upon and resulted from evidence that was contradicted, refuted and disputed. In this regard, appellant's chief complaint is that the government's witness, Henry Marina, special employee and informer, was impeached by the testimony he gave in the trial of United States v. McFadden,[2] which apparently was another case where Marina was special employee and informer.

(2) That the court reporter who reported the McFadden trial, incorrectly read from his notes in appellant's first trial, and later sold to appellant a transcript of testimony regarding the same subject, which transcript disclosed testimony that was different from that read by the reporter.

(3) That he was deprived of his constitutional right to a fair and impartial trial because the government attorney in his argument to the jury made "misstatements" of the evidence, and that we should consider and rule on this contention even though no objection was made to the claimed improper argument.[3]

(4) That appellant was convicted by "tainted" or perjured testimony "knowingly used."

The claimed errors presented in (1), (2) and (3) above, if they existed, might properly have been raised on appeal, but such errors are not the subject of consideration in a § 2255 proceeding. It is firmly established that the remedy provided by Title 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal. Bright v. United States, 8 Cir., 274 F.2d 696, 698; Johnston v. United States, 8 Cir.,

---

1. The court was of the view that inasmuch as an appeal had been taken from the judgment of conviction, it was without jurisdiction to entertain the motion for new trial.

2. The McFadden case, No. 57 Cr. 328(1), E.D.Mo., also a narcotic prosecution, involved a sale or transfer on the same date as that in Holt's case.

3. This point is presented for the first time on appeal, for appellant failed to raise this issue in the trial court.

254 F.2d 239, 241; Glouser v. United States, 8 Cir., 296 F.2d 853, 856, cert. den. 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789; Link v. United States, 8 Cir., 295 F.2d 259, 260; Black v. United States, 9 Cir., 269 F.2d 38, 41–42, cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357. Once again we affirm the statement appearing in Taylor v. United States, 4 Cir., 177 F.2d 194, 195, quoted with approval in Link, supra:

> "Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."

■ Moreover, the motion and the hearing thereon plainly show that the allegation of misstatements of evidence by the government attorney was not presented to the trial court and we are not required to consider contentions which were not so presented. Johnston v. United States, supra, 8 Cir., 254 F.2d 239, 241, and cases cited; Smith v. United States, 9 Cir., 287 F.2d 270, 273, cert. den. 366 U.S. 946, 81 S.Ct. 1676, 6 L.Ed.2d 856.

■ As to the issue of perjured testimony, we observe at the outset that in order to vacate the judgment and sentence on such grounds, two elements must be established: first, the use of perjured testimony, and, second, knowledge by the prosecuting officials at the time the testimony was used that it was perjured. See Taylor v. United States, 8 Cir., 229 F.2d

826, at p. 832, cert. den. 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500, where we ruled:

> "The latter element [knowledge by prosecuting officials] is a requisite because the fact that there may be false testimony does not alone and of itself vitiate a judgment. Ryles v. United States, 10 Cir., 198 F.2d 199, 200."

See also Black v. United States, supra, 9 Cir., 269 F.2d 38, 43; United States v. Jenkins, 3 Cir., 281 F.2d 193; Enzor v. United States, 5 Cir., 296 F.2d 62, 262 F.2d 172, cert. den. 359 U.S. 953, 79 S. Ct. 740, 3 L.Ed.2d 761. The burden of establishing the existence of the foregoing elements is upon the petitioner. Taylor v. United States, supra; Enzor v. United States, supra. Since neither the § 2255 motion nor appellant's briefs particularize definitely the perjured testimony said to have been knowingly used, we would be justified in refusing to consider this contention. Taylor v. United States, supra, 8 Cir., 229 F.2d 826, at p. 832. Notwithstanding this deficiency we have made examination of the evidence at the hearing on the motion and are convinced that the contention is utterly without merit. The gist of appellant's complaint is that government witness Marina's testimony was false because it was in some particulars not consistent with his testimony in the above referred to McFadden trial. Mr. Kohn, appellant's trial attorney, testified that he made full use of the McFadden transcript in his attempt to impeach and discredit Marina's testimony and such inconsistencies, placed before the jury, obviously went to the credibility of the witness. Furthermore, even though it should be assumed that Marina's testimony was false, there is absolutely no evidence to support the second element, i. e., that the prosecuting officials had knowledge of the falsity of the testimony at the time it was introduced.

The final point urged by appellant, inadequate representation by counsel at the second trial, is equally groundless.

■ Before discussing what transpired, we observe that the constitutional right of an accused to "have the assistance of counsel for his defense" does not mean "successful assistance." As appropriately observed by the court in Mitchell v. United States, 104 U.S.App. D.C. 57, 259 F.2d 787, 789, cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86, "If we were to ascribe that meaning to the term 'effective assistance of counsel' in the representation of persons accused of crime, we would produce a rule which said that an alleged criminal is entitled, as a constitutional right, to counsel whose efforts are successful." See also and compare Black v. United States, supra, 9 Cir., 269 F.2d 38, at p. 42, where the court said that relief claimed under § 2255 on the ground of incompetent representation will not be given unless it is shown that "the attorney's conduct was so incompetent that it made the trial a farce, requiring the court to intervene in behalf of the client"; Alexander v. United States, 5 Cir., 290 F.2d 252, 254, cert. den. 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed. 2d 89, where the court stated: "The complaint of a convicted prisoner that he was not properly represented by counsel of his own choice can only be sustained where the attorney's conduct amounts to a breach of a legal duty."

■ In the first trial, appellant was represented by Mr. Bernard J. Mellman and Mr. Alphonse J. Lynch, attorneys of his own choosing. He was permitted to appeal in forma pauperis, and this court appointed Alan C. Kohn, Esquire, a member of the St. Louis Bar, to represent him on appeal. As we have seen, Mr. Kohn was successful in convincing the court that error was committed which required a reversal. After remand, Judge Weber appointed Mr. Lynch and Mr. Kohn to represent appellant in the second trial. Subsequently, the court appointed Mr. Raymond A. Bruntrager to assist Mr. Kohn, and Mr. Lynch was allowed to withdraw as counsel. Both Mr. Kohn and Mr. Bruntrager participated in the second trial, which required three days. The record shows to our complete satisfaction that these lawyers faithfully, diligently, conscientiously and capably conducted appellant's defense. They were unable to convince the jury of the innocence of their client and it was then that appellant began to express dissatisfaction with the representation afforded him by counsel. On this issue, the court, in its memorandum opinion, found that "Mr. Kohn ably represented defendant on his first appeal; he was familiar with the record; he had read and re-read the transcript; he ably presented defendant's case at the second trial. Mr. Bruntrager is a seasoned and experienced trial lawyer; his practice is almost mainly devoted to defending criminal cases; he read and re-read the transcript of the previous trial, conferred with defendant before and during the trial; was available and present throughout the entire trial and ably participated and assisted defendant throughout this trial. * * * Defendant's complaints about his counsel are unjust and unfounded. Many of the matters which he complains about them not doing are matters which were immaterial, incompetent and irrelevant to the issues at trial. These allegations of the defendant are not only unfounded, they are ridiculous and counsel should be complimented not only upon the way and manner in which they conducted defendant's case, but upon the time and the effort they spent in its preparation, all, by the way, as court-appointed counsel and without compensation."

■ The record demonstrates that appellant has been represented by seven different lawyers since he was charged with the offenses which ultimately led to the conviction complained of. Two were selected by him and five have been court-appointed. He has had efficient representation in every phase of the numerous proceedings. It would appear that appellant's difficulty and predicament stem not from improper representation but from the evidence against him. A review of the files, records and testimony offered at the hearing below show conclusively that Holt has had a fair trial, that he has been ably represented by counsel and

that none of his constitutional rights has been violated. There is nothing at all in the record to justify the vacating of judgment under § 2255, or the granting of new trial under Rule 33, Federal Rules of Criminal Procedure.

The orders appealed from are

Affirmed.