Curtis Harold **LINK**, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

No. 64 C 171(3).

United States District Court
E. D. Missouri, E. D.

May 18, 1964.

Curtis Harold Link, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for respondent.

REGAN, District Judge.

This matter is before the Court on Motion of petitioner for vacation of sentence and judgment in Case No. 60 CR 41 pursuant to Title 28 U.S.C.A. § 2255. In his motion petitioner makes three contentions:

(1) "The indictment in Criminal Case 60 CR 41(3) lacks and omits entirely the essential elements necessary to charge an offense of a violation of Title 18 U.S.C.A. § 2113(a) in that it fails to charge the felony or larceny the petitioner had the intent to comit would 'affect the bank' as the statute requires."

(2) "The Government knowingly procured and produced through coersion of Government witnesses, perjured, testimony, knowing the same to be perjured, and failed to correct testimony known by them to be perjured during the trial."

(3) "The Government has suppressed and withheld evidence favorable to petitioner before and during the trial."

Petitioner's contention No. 1 does not raise an issue which is the proper

subject of a collateral attack of the conviction. A comparison of the contention of the petitioner with the indictment shows it to be without merit. The indictment reads in part " * * * Curtis Harold Link did enter a bank, to-wit, the State Bank of Jonesburg, Jonesburg, Missouri, a banking institution organized according to law, the deposits of which are insured by the Federal Deposit Insurance Corporation, with the intent to commit therein a felony, to wit, larceny on said bank." The indictment need not be in the words of the statute to sufficiently charge the elements of the offense.

■ However, more important, petitioner in this case appeared with his retained counsel in case No. 60 CR 41, pled not guilty, and was granted a full and complete trial, which resulted in a verdict of guilty. At no time before or during the trial, or in his notice of appeal did petitioner raise a question attacking the indictment. The sufficiency of the indictment in a case such as this may not be raised collaterally. Link v. United States, 8 Cir., 295 F.2d 259. It has been held in some circuits that an attack on the indictment for the reason that it failed to charge all of the elements of the offense is proper on a motion under Section 2255, but only if the indictment fails to charge an offense under any reasonable construction. The indictment involved here clearly includes intent to commit a felony affecting the bank.

In his Contention No. 2 petitioner at great length sets out testimony which he alleges was perjured and that the government knew to be perjured. The petitioner asserts that the direct testimony in certain segments of the transcript was elicited by the government and not corrected by it even though the testimony was in conflict with F.B.I. reports or statements of the witnesses previously made to the government. In several instances, the testimony was varied somewhat on cross-examination, though neither direct or cross-examination testimony could be said to be in conflict with the reports read as a whole. In several instances cited by petitioner the testimony elicited on cross-examination is shown to be in conflict with the F.B.I. reports. The witnesses in those instances were questioned by defense counsel with the use of the reports, thereby putting their credibility in issue before the jury.

■ The F.B.I. reports and statements of the witnesses containing the alleged discrepancies and variations were provided, as shown by the record, to the defense in compliance with Title 18 U.S. C.A. § 3500. It was the Congressional purpose in enacting that section to provide the defense with any impeaching material in the hands of the government. In the instances cited by the petitioner, the defense counsel made use of any discrepancies on cross-examination for the purpose of impeaching the witnesses. Petitioner appears to complain that the government attorney did not impeach its own witnesses in every conceivable way but only provided the prior inconsistent statements to defense counsel. It is not the Government's burden to produce and elicit all prior inconsistent statements of a witness before the jury where the same knowledge is in the possession or made available to the defense.

The cases cited by petitioner are situations where the material which would have attacked the credibility of the witnesses was not known to the defense, or in some cases to either the Government or the defense at the time of trial, and was never, therefore, presented to the jury. In this case the alleged discrepancies in the testimony and contradictions to the reports were elicited by the cross-examination by use of the reports. The credibility of the witnesses was therefore brought into question before the jury.

Petitioner states in addition to his review of the transcript that he has further evidence which will conclusively show that the government knowingly procured and produced perjured testimony at the trial, but requests this Court not to require the petitioner to expose this evidence before a hearing for the reason

that the conduct of the government in this case puts in doubt how far it would go to suppress that evidence.

■ While a Court cannot act on a plea of this kind—a promise of secret evidence to be produced—it is not necessary to entertain the point. The Court, as set out above, finds that petitioner's allegations of knowing use of perjured testimony by the government in violation of due process requirements is totally without merit as shown by the record.

Finally, with regard to petitioner's contention No. 3, it appears that petitioner complains of the failure of the government to produce evidence of a false lead followed by the authorities in attempting to solve the crime. Petitioner states that the F.B.I. had information, probably from one of the witnesses .and co-defendants, that the tools used in the burglary had been dropped in the Mississippi River at or about the foot of Market Street (a busy area) in the City of St. Louis, and that they investigated the lead and hired divers to search the river in that area without results. It is petitioner's position that the failure of the government to produce this evidence was the suppression of evidence in his favor for the reason that the jury, had they known that one of the witnesses and co-defendants had given such an incredible story to the F.B.I. might have chosen to disbelieve all of the witness's testimony.

The record clearly shows that the statements of all of the government witnesses were turned over to the attorneys for the defendants in pursuance of the requirements of Section 3500, Title 18 U. S.C.A. The statements were marked as Court's Exhibits and viewed by the Court and the petitioner's attorney. Included in those statements is the report that the F.B.I. had been informed that the tools had been deposited in the Mississippi River in the vicinity of Market Street. Furthermore, the record shows that the attorneys for the defendants, on cross-examination, questioned the witness Garger concerning this story. The record conclusively shows that the material referred to by petitioner was not suppressed.

■■ The extent to which the government investigators pursued an earlier lead as suggested by the affidavit filed with the petition in this case is not evidence favorable to the defendant. The government is not required to produce to the jury evidence of all the unproductive leads investigated in attempting to solve a crime.

All of petitioner's contentions having failed to raise matters which would subject the judgment and sentence in Case 60 CR 41 to collateral attack, the petition is dismissed and the motion to vacate is hereby denied.