Anthony **CARDARELLA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17761.

United States Court of Appeals
Eighth Circuit.

Oct. 20, 1965.

Anthony Cardarella, pro se.

Herbert J. Miller, Jr., Asst. Atty. Gen., Brian P. Gettings, Allen J. Krouse, and James J. Featherstone, Attys., Dept. of Justice, Washington, D. C., were on appellee's brief.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

After appellant's several judgments of conviction and sentences were affirmed by this court at 8 Cir., 302 F.2d 95, for his found violations of §§ 1503 and 371, Title 18, U.S.C.A., and certiorari was denied at 371 U.S. 819, 83 S.Ct. 35, 9

L.Ed.2d 59, he filed in his sentencing court what he termed a "Motion to Vacate and Set Aside Judgment under Title 28, Section 2255, U.S.C.A."

By that motion appellant prayed that the sentences as imposed by his trial court and affirmed by this court "be vacated and set aside and (he) be granted a new trial or provide(d) whatever other relief justice requires." By memorandum opinion (not published) that motion was denied by his trial court without hearing of evidence thereon. Appellant does not contend in this appeal that he was entitled to such a hearing. This is manifest from the face of his § 2255 motion which is clearly limited to presentation of questions of law. In light of the foregoing, the following background facts are all that need be stated to bring into focus what is presented for review by the instant appeal.

An indictment originally containing four counts was duly returned against appellant and three others. The first two counts thereof charged petitioner and one Felix Ferina with substantive violations of § 1503, ante (i. e. obstruction of justice). One Carlton Young, individually, was charged with a similar offense in Count III. In Count IV, petitioner-Cardarella, Ferina, Young and one Anthony J. Biase were jointly charged with conspiracy to obstruct justice in violation of § 371, Title 18, U.S.C.A. At a single trial held on that indictment, at the close of the Government's case-in-chief, each of the above named made separate motion for judgment of acquittal. At that point only the motion so made by Carlton Young was sustained. Hence, Count III of the above-mentioned indictment was eliminated; and, at that stage of appellant's trial, Carlton Young was also dismissed as a defendant under Count IV, i. e. the conspiracy count. Thereafter, the trial leading up to appellant's convictions and sentences was continued as to the remaining three defendants, Cardarella, Ferina and Biase. At the close of all the evidence adduced, the above three again filed separate motions for judgment of acquittal. Such motions were overruled. By jury verdict, petitioner-Cardarella and his co-defendant Ferina were both found guilty as charged in all three counts of the indictment in which they were joined as defendants, i. e. each was found guilty of the two substantive offenses, ante, and also for conspiracy. Biase was found guilty of the single charge of conspiracy as made against him. In the light of the verdict so returned, petitioner-Cardarella and his co-defendant Ferina were sentenced to five (5) years' imprisonment to run concurrently for the two substantive offenses charged in Counts I and II of their indictment, ante. An additional five-year term was imposed upon both of those defendants for their found violations of conspiracy as charged in Count IV, supra, the latter sentence to run consecutively with the sentences imposed upon Counts I and II. Biase was sentenced to a five-year term of imprisonment for his found violation of conspiracy—the only charge made against him, as above stated.

Thereafter, petitioner-Cardarella, Ferina and Biase appealed their convictions to this court. In that appeal, the several judgments of conviction of appellant and Ferina were affirmed; that of Biase was reversed.

In light of the foregoing, appellant now contends by his instant § 2255 motion, review of which is here sought, that he was denied a fair trial by his sentencing court because of the fact that "Biase (a co-defendant in only one count of the indictment under which petitioner was tried, convicted and sentenced) was not granted a directed verdict of acquittal by (his) trial court" prior to the time that court submitted petitioner's guilt or innocence to his trial jury for consideration of the several charges made against him, as above stated. Such denial appellant claims, in light of the subsequent reversal of Biase's conviction on appeal by this court, establishes that there was a prejudicial joinder of Biase with appellant at his trial—which joinder, he says, permitted "prejudicial evidence (and) prejudicial testimony" to be

there produced (relating to Biase's traffic in narcotics). This, appellant asserts, "created a prejudicial trial leading up to his convictions and sentences" which he claims was "in violation of Rule 14 of the Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States."

It is, therefore, petitioner's contention in this § 2255 proceeding that since Rule 14, F.R.Crim.P., "does not by its terms restrict the time in which" a defendant in a criminal case may claim a right to relief because of prejudicial joinder "if prejudice is found to exist at the trial level" of a criminal proceeding, he has the right "in light of the Sixth Amendment to the Constitution of the United States" to raise the issue of prejudicial joinder belatedly, as in the present instance, thus to claim retroactive relief.

In support of these contentions, appellant sets forth in his § 2255 motion evidence adduced at his trial which he alleges was prejudicial to a fair consideration by his trial jury, and from that standpoint alone claims that his convictions and sentences, ante, cannot stand.

That there is no merit in this regard in appellant's § 2255 motion, nor in this appeal, is clear from the memorandum opinion (not published) of his trial court, where it is said, in part: "(Appellant's) allegations that the joinder of petitioner Cardarella's case with Biase's was prejudicial are purely conclusory statements with no factual support" found therefor in the record of the case at bar. The paramount defect that court found in petitioner's motion, ante, is "that the grounds alleged as a basis for relief are matters of trial error," which even if taken at face value, are not jurisdictional defects appearing on the face of the record of appellant's trial. Such grounds (that court ruled) should have been raised on direct appeal and not by way of collateral attack as appellant here attempts to do. Citing Link v. United States, 295 F.2d 259 (8 Cir., 1961); Holt v. United States, 303 F.2d 791 (8 Cir., 1962). Not having done so, appellant "waived any right to object to joinder either upon appeal or collateral attack." Citing United States v. Perl, 210 F.2d 457 (2 Cir., 1954).

We can only agree with appellant's trial court, because in our opinion the mere statement of the above propositions serves to attest to the unavailing character of the post-appeal and post-denial of certiorari relief appellant here seeks.

■ Appellant does not here contend that there was an insufficient factual premise for the rulings as made by his trial court, ante, in respect to his § 2255 motion. Neither does he assign error by his trial court in respect to the ruling and disposition thereof. Rather, as shown above, his sole object in the instant appeal is to imbue Rule 14, F.R.Crim.P. with constitutional attributes; this, notwithstanding the maxim that the right to separate trial under that rule is clearly a matter that rests within the sound discretion of the trial court. Goodman v. United States, 273 F.2d 853 (8 Cir., 1960). Clearly, the precise disposition he now seeks is stated thus:

"Appellant is not necessarily urging this court to grant complete exoneration in regard to his present predicament. Instead, appellant is asking for the type of relief that would give him the opportunity to defend himself before an impartial jury. An opportunity in a trial, where for the first time, he would not be carrying on his back the impossible burden that is attached to the 'smell of narcotics.'"

This, of course, is in reference to Biase's joinder in the indictment under which petitioner was tried, convicted and sentenced, as above stated.

We shall not follow appellant in all the presentation he makes in respect to the above contention. That is unnecessary because it is manifest on the face of his § 2255 motion, ante, that what he is here claiming is beyond the scope of proper subject matter that may be reviewed by either appellant's trial court, or this court on appeal, within the ambit

of a motion submitted under § 2255, Title 28, U.S.C.A.

■ In the light of the foregoing report, we can do no more than repeat what is said by this court in Holt v. United States, 303 F.2d 791, at 794:

"It is firmly established that the remedy provided by Title 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal. Bright v. United States, 8 Cir., 274 F.2d 696, 698; Johnson v. United States, 8 Cir., 254 F.2d 239, 241; Glouser v. United States, 8 Cir., 296 F.2d 853, 856, cert. den. 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789; Link v. United States, 8 Cir., 295 F.2d 259, 260; Black v. United States, 9 Cir., 269 F.2d 38, 41–42, cert. den. 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357. Once again we affirm the statement appearing in Taylor v. United States, 4 Cir., 177 F.2d 194, 195, quoted with approval in Link, supra:

'Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus.'"

■■ "It is only where a sentence is void or otherwise subject to collateral attack that Section 2255 affords a remedy, and a motion under that Section cannot function as an appeal." Shobe v. United States, 220 F.2d 928–929 (8 Cir., 1955).

Appellant is confused as to the office of a motion made under § 2255, Title 28, U.S.C.A. It is not the purpose of such a motion to correct errors overlooked on direct appeal. Neither the sufficiency of an indictment nor the sufficiency of the proof to sustain a conviction may be raised by a § 2255 motion. Cf. Link v. United States, supra. It is clear, therefore, that since petitioner in the present instance at no time sought severance of a trial on the charges made against him by the indictment under which he was tried, convicted and sentenced, he is in no position to raise the question of prejudicial joinder by the collateral attack he here undertakes to make in relation to his judgments of conviction and sentences. Cf. United States v. Perl, supra.

■ Where a trial court, as in the case at bar, has jurisdiction of the offenses charged in an indictment, it has authority to impose sentence on a defendant found guilty of such offense; and its judgment of conviction and sentence imposed are immune to collateral attack under § 2255, Title 28, U.S.C.A. Cf. Dean v. United States, 265 F.2d 544 (8 Cir., 1959). The statutory proceedings authorized by that Section for vacation and setting aside or correction of an illegal or erroneous sentence cannot be used as a substitute for appeal. Cf. Holt v. United States, supra; Johnston v. United States, 254 F.2d 239 (8 Cir., 1958); Rivera v. United States, 318 F.2d 606 (9 Cir., 1963). Even though appellant's co-defendant Biase's judgment and conviction for conspiracy was reversed by this court, that matter, standing alone, does not give rise to any right on the part of appellant to assert that his conviction for conspiracy cannot stand. Cf. United States v. Sobell, 314 F.2d 314 (2 Cir., 1962); Taylor v. United States, 229 F.2d 826 (8 Cir., 1956). Biase was not the sole co-defendant charged with conspiracy for which appellant was convicted and sentenced. Ferina was a party to that conspiracy also, and his judgment of conviction, as well as that of appellant, was affirmed by this Court

at 302 F.2d 95. Hence, appellant's conviction and sentence are not subject to attack merely because the conviction of Biase, one of the several parties to the conspiracy, ante, was reversed.

Affirmed.[1]

1. This opinion was in course of circulation among the members of this panel at the time appellant's subsequent § 2255 motion in Case No. 18068 was ruled by a different panel of this court at 8th Cir., 351 F.2d 272.