Charles Joseph **BATTAGLIA**, Jr.,
Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 2489.**

United States District Court,
D. Arizona.

Oct. 14, 1968.

Leon Thikoll, Tucson, Ariz., for petitioner.

Joseph Corey, Spec. Atty., U. S. Dept. of Justice, Washington, D. C., and U. S. Attorney, District of Arizona, for respondent.

ORDER

WILLIAM N. GOODWIN, District Judge.

The petitioner, CHARLES JOSEPH BATTAGLIA, JR., was convicted of violation of Title 18 U.S.C. § 1951 and sentenced to a term of ten (10) years and a fine of $10,000. He is presently serving his sentence in the United States Penitentiary at Leavenworth, Kansas.

He has filed a motion with this Court for an oral hearing to permit him to introduce testimony that he was unable to assist in his defense at the time of his trial, and that he was denied his constitutional right to confront his accusers with a clear mind and to assist his counsel in presenting his defense.

Petitioner at trial time was represented by Albert Krieger and Robert Kasanof. Both of his counsel were experienced trial counsel, and he does not contend in his petition that he was not vigorously defended by his attorneys.

After conviction, he appealed, and his conviction was affirmed in Battaglia v. United States, 9 Cir., 383 F.2d 303.

A review of his claims presented to the Circuit Court of Appeals is noted. He did not contend on appeal that he was unable to assist in his defense.

This Court is not convinced that these grounds were overlooked or unavailable upon appeal. They were abandoned. The petitioner is attempting to litigate issues which should have, but were not, raised on appeal. The Court of Appeals for the Ninth Circuit has stated:

" * * * § 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction."

United States v. Marchese, 341 P.2d 782 (9 Cir., 1965), cert. den., 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64. Citing Dodd v. United States, 321 F.2d 240 (9th Cir. 1963); Black v. United States, 269 F.2d 38 (9th Cir. 1959). *See also,* Stein v. United States, 313 F.2d 518 (9th Cir. 1962), cert. den., 373 U.S. 918, 83 S.Ct. 1307, 10 L.Ed.2d 417 (1963); Matysek v. United States, 339 U.S. 389 (9th Cir. 1964), cert. den., 381 U.S. 917, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965); Mirra v. United States, 379 F.2d 782 (2d Cir. 1967) cert. den., 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667; Ingram v. United States, 299 F.2d 351 (5th Cir. 1962); and United States v. Thompson, 261 F.2d 809 (2d Cir. 1958), cert. den., 359 U.S. 967, 79 S.Ct. 878, 3 L.Ed.2d 835 (1959).

It is the conclusion of this Court that the petitioner is precluded from raising the present issues in a § 2255 motion due to his failure to bring them before the Court of Appeals in his direct appeal. Petitioner cannot reserve an available issue on appeal and then attempt to use that issue after the appeal has failed.

As a further ground for denial of the motion, this Court concludes that the records and files of the case show that his claim for relief is not well-founded in fact. He requested a continuance on the day that his trial was to start by motion made by Mr. Joseph Soble, an at-

torney of Tucson, Arizona, who appeared as counsel at the request of his principal defense counsel, Mr. Albert Krieger of New York. The motion was denied. During the course of the trial, the Court employed an internist and cardiologist to examine petitioner, and the report of Dr. Richard L. Dexter was filed with the Clerk of the Court.

The Court heard the testimony of petitioner's physician, Dr. vonDedenroth, and specifically chose to discount his testimony which was in conflict with the report of Dr. Dexter.

From a review of the record and a recollection of the appearance of the defendant at trial time, the Court concluded that defendant was, in fact, able to assist in his defense, that his hospitalization immediately prior to the scheduled date of the trial was a pattern adopted by the defendant to avoid the trial of the charge presented by the indictment against him, and that his claim of illness of a character that would prevent his personal attendance at the trial was false.

The Court, therefore, concludes that he is neither legally nor factually entitled to relief, and that his motion for an oral hearing and an order to set aside his sentence should be, and the same are hereby, denied.