**Donald P. SMALLWOOD, Petitioner,**

v.

**The UNITED STATES of America, Respondent.**

**No. 74–235C(A).**

United States District Court,
E. D. Missouri, E. D.

April 15, 1974.

———◆———

Donald P. Smallwood, pro se.

Donald J. Stohr, U. S. Atty., Richard Coughlin, Asst. U. S. Atty., St. Louis, Mo., for respondent.

MEMORANDUM AND ORDER

HARPER, District Judge.

The petitioner has filed a motion under 28 U.S.C.A. § 2255 to vacate his sentence and set aside judgment entered against him. The petitioner requests an immediate evidentiary hearing.

Petitioner was convicted in 1969 by a jury on fifteen counts (seven counts of security fraud, seven counts of mail fraud, and one count of an unregistered security), and sentenced to a term of thirty-five years. This conviction was affirmed by the Eighth Circuit Court of Appeals in United States v. Smallwood, 443 F.2d 535, and certiorari was denied.

Petitioner sets forth in his motion a statement of issues (reasons why his conviction and custody is unlawful). An examination of the statement of issues discloses that they pertain in effect to one challenge, which is an attempt to relitigate the appropriateness of petitioner's sentence—in other words, that the sentence was an excessive one and should be vacated and a new sentence imposed.

While generally a hearing is necessary prior to the disposition of 2255 motions, and the petitioner has requested one in this instance, this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they conclusively show that the petitioner is entitled to no relief. Cain v. United States, 271 F.2d 337 (8th Cir. 1969).

In Cause No. 72C 332(A), the petitioner filed a motion under 28 U.S. C.A. § 2255 to vacate the judgment and sentence and advanced ten contentions with respect to the motion. Petitioner's contentions Nos. 9 and 10 in 72C 333(A) dealt with the same issue that the petitioner has advanced in the case presently before the Court. With respect to claims 9 and 10 in Cause 72C 333(A), the Court stated in effect that the contentions involved were passed on by the

Court of Appeals in its opinion adversely to the petitioner's contentions. The Eighth Circuit Court of Appeals in United States v. Smallwood, 1. c. 543, 544, dealt with this petitioner's allegations in his appeal from his conviction that the District Court had abused its discretion in imposing a sentence of thirty-five years. The Eighth Circuit Court of Appeals discusses this contention in some detail, and in the footnote referring to a part of this Court's remarks made when this petitioner was sentenced, and affirmed the sentence.

This Court, in its opinion in Cause 72C 333(A), set out that "[t]he principle is well established that the remedy provided by 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal. Cardarella v. United States [8 Cir.], 351 F.2d 443, 447."

The petitioner appealed 72C 333(A) to the Eighth Circuit of Appeals, and the merits of the appeal were passed on by that Court in Case No. 72C–1671, and a per curiam opinion was filed August 31, 1973, affirming the Court's judgment in 72C 333(A).

Furthermore, in addition to the principle that 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal, there is a second reason why the petitioner is entitled to no relief. In 28 U.S.C.A. § 2255 motions, the Eighth Circuit Court of Appeals in Patrick v. United States, 466 F.2d 502, 503, said: "The district court is not required to entertain successive motions for similar relief on behalf of the same persons. Citing cases."

Petitioner's previous 2255 motion in 72C 333(A) referred to above, in paragraphs 9 and 10, sought the same relief which is sought in the matter now before the Court.

The motion, files and records of the case are complete and show there is no merit to petitioner's claim, and the petitioner's request for a hearing is denied.

Accordingly, petitioner's motion to vacate sentence and set aside judgment is overruled in all particulars.