14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ernie Lee BLACKWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5805.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ernie Lee Blackwell pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). On September 8, 1992, he was sentenced to twenty-seven months of imprisonment and three years of supervised release. His appeal from conviction and sentence was voluntarily dismissed. United States v. Blackwell, No. 92-6220 (6th Cir. Jan. 26, 1993) (order).
 
 
 4
 On October 14, 1992, Blackwell filed a Sec. 2255 motion to vacate. This motion, filed prior to the dismissal of his direct appeal, was denied as premature. Cf. Black v. United States, 269 F.2d 38, 41 (9th Cir.1959), cert. denied, 361 U.S. 938 (1960).
 
 
 5
 On April 5, 1993, Blackwell filed the motion to vacate his sentence which is the subject of the present appeal. He raised five grounds for relief, arguing that: (1) the federal indictment was obtained by use of a coerced state confession; (2) the conviction is in violation of the protection against double jeopardy; (3) a guilty plea in state court denied him a trial on related federal charges in violation of due process; (4) he was selected for multiple prosecution, i.e., prosecution under both state and federal law, in violation of equal protection; and (5) he was denied the effective assistance of counsel.
 
 
 6
 Upon review, we conclude that the motion to vacate sentence was properly denied. Blackwell has not shown cause to excuse his failure to appeal and actual prejudice from the alleged errors. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Although Blackwell's claim of ineffective assistance of counsel is exempt from the cause and prejudice requirement, cf. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990) (ineffective assistance of counsel claims are not generally cognizable on direct appeal), this claim also lacks merit.
 
 
 7
 Blackwell cannot show actual prejudice resulted from his failure to raise his first four claims on direct appeal. Contrary to Blackwell's arguments, his federal conviction and sentence do not violate the protection against double jeopardy notwithstanding a state conviction for possessing an illegal weapon. The prohibition against double jeopardy does not apply to suits by separate sovereigns. Heath v. Alabama, 474 U.S. 82, 88 (1985).
 
 
 8
 Blackwell's argument that the dual sovereign exception does not apply is not persuasive. He has not established that the federal conviction was achieved through collusion with state authorities. See Bartkus v. Illinois, 359 U.S. 121, 122-24 (1959). His allegation that his guilty plea to state charges was coerced is insufficient to demonstrate that the federal authorities participated in the state plea bargaining or made a firm commitment not to prosecute in federal court. See United States v. Paul, 853 F.2d 308, 311 (5th Cir.1988), cert. denied, 488 U.S. 1012 (1989). His assertion that, but for his statements made to state authorities and his guilty plea to the state offense, there would have been no basis for the federal charges, is not supported by the record.
 
 
 9
 Moreover, the state and federal convictions did not result in multiple punishment because the crimes required proof of different elements. See Blockburger v. United States, 284 U.S. 299, 304 (1932). The federal offense required proof that the defendant is a felon; the state offense required proof that the weapon is illegal.
 
 
 10
 Blackwell also has failed to establish an equal protection violation based on his allegation that very few cases are chosen for multiple prosection. To establish a claim based on selective prosecution, Blackwell must show that he is a member of a protected group and that the prosecution had both a discriminatory basis and a discriminatory effect on the group. See United States v. Anderson, 923 F.2d 450, 453 (6th Cir.), cert. denied, 111 S.Ct. 1633 and 2062 (1991). To establish a claim based on vindictive prosecution, Blackwell must show that the prosecutor had a stake in deterring Blackwell's exercise of a protected right and that his conduct was unreasonable. See id. at 453-54. Blackwell alleged no facts to support a claim of selective prosecution. Although he alleged the federal prosecutor was formerly associated with state authorities, Blackwell did not establish that the prosecutor had any stake in the proceedings. Cooperation and collaboration between state and federal authorities is not unreasonable. See Bartkus, 359 U.S. at 123.
 
 
 11
 Blackwell's claim of ineffective assistance of counsel also lacks merit. To establish a claim of ineffective assistance, Blackwell must establish that his counsel's performance was deficient and a reasonable probability that, but for the deficiency, he would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Blackwell has not met this standard.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation