**UNITED STATES of America**

v.

**Curtis Lee ATTAWAY, Sr.**

**Cr. No. 16002.**

United States District Court
W. D. Louisiana,
Opelousas Division.

Sept. 18, 1962.

Edward L. Shaheen, U. S. Atty., and E. V. Boagni, Asst. U. S. Atty., Shreveport, La., for the prosecution.

Fred G. Benton, Benton & Moseley, Baton Rouge, La., for defendant.

PUTNAM, District Judge.

This prosecution is laid under the provisions of the Securities Act, and charges violations of Section 17(a) and Section 5(a) (2) of that act, (15 U.S.C. §§ 77q(a), 77e(a) (2)) and violations of the mail fraud statute, 18 U.S.C. § 1341. The indictment contains thirty counts, the first of which sets forth in detail the alleged scheme to defraud employed by the defendant in the operation of the Attaway Clinic and Hospital in Ville Platte, Louisiana, in the first eleven paragraphs. These allegations are made part of the first twenty-six counts by reference.

Violations of 15 U.S.C. § 77q(a) are charged in counts one through fifteen; counts sixteen through twenty-seven charge violations of the mail fraud statute 18 U.S.C. § 1341; and counts twenty-seven, twenty-eight, twenty-nine and thirty charge the sale of unregistered securities in violation of the provision of 15 U.S.C. § 77e(a) (2).

The defendant has moved to dismiss the indictment in this case on the following grounds:

1. That the indictment and every count thereof does not state facts sufficient to constitute an offense against the United States.

2. That the counts are too broad and indefinite, fail to inform accused of the crime charged sufficiently to enable him to prepare for trial, and are insufficient to support a plea of double jeopardy in bar of future prosecutions.

3. That it is necessary to allege that the securities and transactions were non-exempt under the Securities Act.

4. That the instruments described in the indictments are not securities within the meaning of 15 U.S.C. § 77b.

5. That even if the instruments described in the indictment are securities, they are exempt under 15 U.S.C. § 77c.

6. That 18 U.S.C. § 1341 is unconstitutional in that it does not set forth an ascertainable standard of guilt as required by the Sixth Amendment.

The first two grounds of attack upon this indictment are levelled at all counts on the basis of insufficiency and will be discussed together. It is difficult to see how the indictment could more fully and completely inform the accused of his offenses, unless it be by alleging the evidence upon which reliance is placed for a conviction. The essential elements

of the crime charged in the first fifteen counts are:

1. The offer or sale of a security;
2. By use of the mails or some means of transportation or communication in interstate commerce; and
3. that the defendant intentionally did any of the following:
   (a) employed a device, scheme or artifice to defraud;
   (b) obtained money or property by means of material misrepresenations or material misleading omissions;
   (c) engaged in a transaction, practice or course of business which would or did operate as a fraud or deceit upon a purchaser of securities.

Each of these counts, read in connection with the first eleven paragraphs of count one, alleging the scheme employed by defendant to obtain loans from over 3900 people, the fraudulent representations and failures or omissions to disclose material facts through this scheme; the practice of mailing "interest" checks to those investors which were actually refunds of the money loaned; and, in particular, use of the mails, transportation, or communication relied upon by the government in each instance, set out the facts completely and with a singular lack of vagueness.

■ It is the perpetration of the scheme to defraud which forms the gravamen or crux of the offense charged, and not the interstate character of the transaction, the latter element being necessary only to bring the offense within the jurisdiction of the United States. United States v. Cashin, 281 F.2d 669 (2 Cir., 1960). Nor is it necessary to allege that the sales took place in interstate commerce in all instances, since the statute refers to such sales "or by the use of the mails." United States v. Alluan, 13 F.Supp. 289 (D.C. 1936).

■ Similarly, the essential elements for a violation of the provisions of 18 U.S.C. § 1341, are simply (1) formulation of a scheme to obtain money with intent to defraud, and (2) use of the mails in furtherance thereof. Palmer v. United States, 229 F.2d 861, (10 Cir., 1956), cert. den. 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861, reh. den. 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480.

A reading of Counts Sixteen through twenty-six of this indictment, with reference to the allegations of paragraphs one to eleven of count one, (details of the alleged scheme to defraud) leaves no doubt as to the violation charged. The sufficiency and validity thereof have been approved on many occasions. Harper v. United States, 143 F.2d 795 (8 Cir., 1944); United States v. Crummer, 151 F.2d 958 (10 Cir., 1945), cert. den. 327 U.S. 785, 66 S.Ct. 704, 90 L.Ed. 1012; United States v. Sugarman, 139 F.Supp. 878, 879, (D.C.R.I.1956).

The remaining four counts, charging violations of 15 U.S.C. § 77e(a) (2), must allege that (1) a "security" was carried through the mails or in interstate commerce, (2) for the purpose of a sale or delivery after a sale, and (3) that no registration statement was in effect as to such security at the time thereof, these being the essential elements of such offense. The indictment in this case charges the three essential elements, then in the second paragraph of each count describes with particularity how the defendant committed violation. If the defendant desires more detail in order to prepare his defense, he may, on proper showing, obtain it through a bill of particulars.

■ Time and space do not permit further discussion of the issues presented by the first ground upon which dismissal of this indictment is sought. When the language of the statute includes all elements of the crime, informs defendant of what the charges are so that he may prepare his defense and plead the judgment in bar of future prosecution, the indictment is adequate. United States v. Abrams, 29 F.R.D. 178 (D.C.N.Y.

1961); United States v. Guterma, 189 F.Supp. 265 (S.D.N.Y.1960); United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). Technicalities in pleadings have been eliminated.

We conclude, therefore, that the indictment meets the test of sufficiency, outlined above, and informs the accused of the crimes with which he is charged. The first two grounds of the motion to dismiss are without merit.

The third and fourth grounds of attack, that the instruments described in the indictment are not securities as defined in 15 U.S.C. § 77b, and the fifth, that even if they are securities they are exempt, must fall.

■ In Edwards v. United States, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957 (1941), it is unequivocally stated:

"The Circuit Court of Appeals found the conspiracy count sufficient * * * in charging a conspiracy to violate the Securities Act of 1933 by selling unregistered securities, the count failed to charge that the securities so sold were not of the class exempted from registration under section three of the Act and the rules and regulations thereunder. With this ruling we agree." (85 L.Ed. 957, 964).

See also, S. E. C. v. Ralston Purina, 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494, (1953), S. E. C. v. Sunbeam Gold Mines Co., 95 F.2d 699, 701 (9 Cir., 1938); Gilligan, Will & Co. v. S. E. C., 267 F.2d 461 (2 Cir., 1959) and S. E. C. v. Culpepper, 270 F.2d 241 (2 Cir., 1959). These cases place the burden of establishing the exempt character of the transaction on the accused, not the government.

■ The courts have uniformly recognized that under the definition of the term "security" as set out in 77b(1), there is no hard and fast rule to be applied. But this provision is to be broadly construed in view of the remedial purpose of the Act itself. S. E. C. v. Crude Oil Corp. (7 Cir., 1937), 93 F.2d 844, is the landmark decision on this point.

■ As contemplated by the Act, securities are evidences of obligations to pay money, or of a right to participate in the earnings or distribution of property. The relationship between the parties will control as against the form of the alleged security. S. E. C. v. Universal Serv. Asso., 106 F.2d 232 (7 Cir., 1939), and a host of other authorities to be found in annotation appearing in 85 L.Ed. 506, at page 512. Under these decisions, where the indictment alleges as in this case that accused exchanged checks in the Attaway Clinic and Hospital for the amount loaned to him by the "investor", and that he made representations to them of certain economic inducements, agreeing to pay interest on a monthly basis so long as these principal checks remained uncashed, it is clear that such principal checks represented an evidence of indebtedness, subject to call by the holder, to the same extent as would have been a promissory note payable on demand. The holders and purchasers thereof contemplated the conduct of a business enterprise by defendant, the profits or proceeds of which they were to share, and the entire transaction can be viewed in no other light.

■ Defendants further urge that 18 U.S.C. § 1341 setting out the offense of mail fraud is unconstitutional as the sixth ground, urging the nullity of counts sixteen through 27. This has been answered in the negative. United States v. Gartman, 145 F.Supp. 420 (D.C.Pa. 1956).

The motion to dismiss filed by defendant Curtis Lee Attaway is denied. Judgment should be entered accordingly.