Harold Eugene KISTNER, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17498.

United States Court of Appeals
Eighth Circuit.

June 11, 1964.

---

Wallace W. Huff of Crary & Huff, Sioux City, 'Iowa, made argument for appellant and filed a brief.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, made argument for appellee and filed a brief.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

This appeal is from an order of the District Court denying the motion filed under 28 U.S.C.A. § 2255 by appellant, Harold Eugene Kistner, Jr. (hereinafter referred to as "defendant"), to vacate judgment and sentence which the trial court entered upon one of defendant's two convictions under separate indictments. In Criminal Action No. 4548, the defendant was tried before a jury on a nineteen count indictment and found guilty under Count XIX for causing the delivery by mail on January 19, 1961, of an envelope addressed to one Dr. Klass G. Onken, Wilmont, Minnesota, containing an unregistered stock certificate representing 1,000 shares of $1.00 par value common stock in the Northern Biochemical Corporation of Iowa, in violation of 15 U.S.C.A. § 77e(a) (2). A second, twenty-two count indictment against the defendant was returned in Criminal Action No. 4550. All counts, save two, were dismissed by the court upon motion of the Government following defendant's plea of guilty to Counts I and XIII. Defendant was charged in Count I with aiding and abetting in the misapplication of national bank funds in violation of 18 U.S.C.A. §§ 2 and 656; while Count XIII alleged a violation of 15 U.S.C.A. § 77q (a) for his fraudulent sale through the mails to Dr. Onken of the same securities

described in Count XIX of the first indictment. When sentenced by the District Court pursuant to the general penalty proviso of the Securities Act of 1933, 15 U.S.C.A. § 77x, the defendant received five years' imprisonment under Count XIX of No. 4548, ordered to run concurrently with a like term imposed under Count I of No. 4550 and three years' imprisonment under Count XIII of the latter indictment, ordered to run consecutively to the five-year sentences, for a total sentence of eight years.

The District Court correctly found that defendant's motion under § 2255 improvidently attacked collaterally the judgment and sentence under Count XIII of No. 4550, because service thereof has not been commenced by defendant who is presently in custody for the third year of his concurrent five year terms. Section 2255, like its ancestral writ of *habeas corpus*, is only available to a prisoner entitled to be released from custody of the sentence being served. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Willis v. United States, 289 F.2d 581 (8th Cir. 1961), cert. denied 368 U.S. 856, 82 S.Ct. 93, 7 L.Ed.2d 53 (1961). We are unconcerned with the appropriateness of the District Court's entertaining defendant's entire motion, complete with hearing under Rule 35, Fed.Rules Crim.Proc., even though his grounds, which include double jeopardy, res judicata, fraud on the court, newly discovered evidence, insufficiency of the indictment, and denial of a plea nolo contendere, may exceed this rule's limitation of correcting at any time an illegal sentence, but precludes reexamination of errors at trial or other proceedings prior to the imposition of sentence. Defendant has abandoned appeal of all these issues unfavorably decided against him in the hearing below except his alleged double jeopardy in being twice indicted and convicted under separate statutes for a single, unlawful stock transaction. With regard to this ground alone, we are not inclined to extend approval of the District Court's

recognition generally in its post-hearing memorandum that the issue of double jeopardy may be raised for the first time under the procedural vehicle of Rule 35 in view of the defendant's plea of guilty to the indictment attacked and failure to take a timely appeal from either conviction. Constitutional immunity from double jeopardy is a personal defense which must be affirmatively pleaded at trial and is waived by a plea of guilty along with all non-jurisdictional defects, facts and defenses. See Harris v. United States, 237 F.2d 274 (8th Cir. 1956) and Harris v. United States, 288 F.2d 790 (8th Cir. 1961).

Assuming the double jeopardy question is reachable upon the merits through Rule 35, the District Court properly denied defendant its substantive relief. The crux of the defendant's argument is that Count XIX of the first indictment for violation of § 77e(a) (2) and Count XIII of the second indictment for violation of § 77q(a), constitute a single offense because to sustain both convictions, the Government must prove identical facts, viz: the mailing of a certain unregistered stock certificate to the duped investor, Dr. Klass G. Onken.

■ Whether the attack on double punishment or successive prosecution for a single offense has been raised, respectively, in response to one indictment with multiple counts, or, as here, under the double jeopardy provision of the Fifth Amendment, the legal touchstone for determining the separate charges' identicalness is indistinguishable. The Supreme Court has long held in cases involving a single, multi-count indictment that:

> "(T)he test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." Mor-

gan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 715, 59 L.Ed. 1153 (1915). and stated differently, but to the same effect:

> "(T)hat, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

Instances in this Court of similar application of the Supreme Court's "same evidence" test in determining whether separate counts of a single indictment or information validly allege more than one offense appear in Harris v. United States, 237 F.2d 274, (8th Cir. 1956); La Page v. United States, 146 F.2d 536, 156 A.L.R. 965 (8th Cir. 1945); and Hewitt v. United States, 110 F.2d 1 (8th Cir. 1940).

■ Likewise, considerable authority holds that for a plea of double jeopardy to prevail on the theory of separate indictments for a single offense, it must be shown proof of the same facts will sustain a conviction under each indictment, inasmuch as the same act may violate two separate statutes. Harlow v. United States, 301 F.2d 361 (5th Cir. 1962), cert. denied 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962); United States v. Kramer, 289 F.2d 909 (2nd Cir. 1961); Bacom v. Sullivan, 200 F.2d 70 (5th Cir. 1952); Bartlett v. United States, 166 F.2d 928 (10th Cir. 1948). Thus, the ultimate question is whether the Government is burdened with proof of the same facts under both § 77e(a) (2) and § 77q(a), notwithstanding the passage through the mails of but one stock transaction. We think not. As spelled out in United States v. Attaway, 211 F.Supp. 682, 684 (W.D.La.1962), the

essential facts constituting a crime under § 77e(a) (2) are that "(1) a 'security' was carried through the mails or in interstate commerce, (2) for the purpose of a sale or delivery after a sale, and (3) that *no registration statement was in effect as to such security at the time thereof * * *."* (Emphasis supplied.) Whereas, the *sine qua non* of the crime under § 77q(a) is not the interstate transportation of an *unregistered* security, but the perpetration of a fraudulent scheme upon a duped investor, federal jurisdiction of which is acquired from the incidental utilization of the channels of interstate commerce to transport the misrepresented securities. United States v. Cashin, 281 F.2d 669 (2nd Cir. 1960); United States v. Attaway, supra; United States v. Greenberg, 30 F.R.D. 164 (S.D.N.Y.1962). Therefore, under the first indictment, the Government must prove only that the defendant caused to be carried in the mails a security unregistered with the Securities and Exchange Commission to sustain a conviction within the meaning of § 77e(a) (2); while proof of a violation of § 77q(a), as charged in the second indictment, demands the quite different evidence that the defendant with intent committed a fraud upon the purchaser of a security by means of an untrue or omitted statement of a material fact or engaged in a course of business designed to deceive the purchaser. Lack of registration and fraud are facts mutually exclusive to the proof under the respective statutes. Clearly, the "same evidence" comparison demonstrates the dissimilarity in the two statutes' factual elements, and, thus, the defendant was not twice placed in jeopardy by successive indictments for unrelated, factually-varying offenses emanating from a single stock transaction.

The order appealed from is affirmed.

This Court is appreciative of the gratuitous and highly competent representation afforded the defendant by Wallace W. Huff, court-appointed, appellate counsel.