Felix FERINA, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17685.

United States Court of Appeals Eighth Circuit.

Jan. 28, 1965.

Walter A. Raymond, Kansas City, Mo., made argument for appellant and filed brief with Kenneth C. West, Kansas City, Mo.

Brian P. Gettings, Atty., Crim. Div., Dept. of Justice, Washington, D. C., made argument for appellee and filed brief with Herbert J. Miller, Jr., Asst. Atty. Gen., and Allen J. Krouse and James J. Featherstone, Crim. Div., Dept. of Justice, Washington, D. C.

Before VOGEL, VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

MEHAFFY, Circuit Judge.

Petitioner appeals an order of the United States District Court for the Western District of Missouri denying his alternative motion under 28 U.S.C.A. § 2255 and Fed.R.Crim.P. 35 to vacate or correct illegal sentences.

Petitioner was convicted by a jury under an indictment which charged him in Counts I and II with obstructing justice in violation of 18 U.S.C.A. § 1503 by shooting with a revolver a Government witness because he had testified before a federal grand jury and, by the same assault, attempting to intimidate and prevent this witness from testifying at the trial in a subsequent federal criminal prosecution. In Count IV, he was charged with a conspiracy to obstruct justice in violation of 18 U.S.C.A. § 371.

For each substantive offense under Counts I and II, petitioner received a five year sentence, ordered to run concurrently. On Count IV, petitioner was sentenced to an additional five year term to run consecutively with the sentences imposed under Counts I and II.

Subsequently, petitioner moved for a judgment of acquittal, an arrest of judgment, or in the alternative, for a new trial. He contended primarily that a former judgment of acquittal on an aggravated assault charge in the State Court of Missouri was res judicata and that his retrial in federal court for the same offense constituted double jeopardy in contravention of his rights under the Fifth Amendment to the United States Constitution. The trial court denied the motion. Petitioner appealed his judgment of conviction to this Court seeking reversal on grounds of insufficiency of the evidence, prejudicial statements by the prosecution in its closing arguments to the jury, and newly discovered evidence. He did not renew the alleged defenses of res judicata or double jeopardy. We affirmed petitioner's conviction. Ferina v. United States, 302 F.2d 95 (8th Cir. 1962), cert. denied sub nom. Cardarella v. United States, 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed.2d 59 (1963). Our opinion elaborately sets forth the facts which resulted in the convictions.

Petitioner now collaterally attacks the judgment of conviction and sentences imposed for the following reasons:

(1) The state and federal prosecutions placed petitioner twice in jeopardy for a single offense in violation of the Fifth and Fourteenth Amendments;

(2) The judgment of acquittal in the state court prosecution dominated by federal authorities collaterally estops or bars the Government under the doctrine of res judicata from relitigating in federal court all facts and issues previously decided against the Government and in petitioner's favor; and

(3) Petitioner received illegal sentences inflicting double punishment for a single offense as a result of a duplicitous indictment.

██ Constitutional immunity from double jeopardy is a personal right which if not affirmatively pleaded by the defendant at the time of trial will be regarded as waived. Kistner v. United States, 332 F.2d 978 (8th Cir. 1964);

Harris v. United States, 237 F.2d 274 (8th Cir. 1956); Barker v. State of Ohio, 328 F.2d 582 (6th Cir. 1964). This waiver may be an expressed, voluntary relinquishment of the right by plea of guilty; United States v. Hoyland, 264 F.2d 346 (7th Cir. 1959), cert. denied 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959), reh. denied 361 U.S. 904, 80 S.Ct. 212, 4 L.Ed.2d 159 (1959); or deemed impliedly waived where, as here, the petitioner pleaded not guilty and proceeded to trial, verdict, and judgment without raising the defense until his post-trial motions. Brady v. United States, 24 F.2d 399 (8th Cir. 1928).

◼ Nevertheless, we would be compelled on the merits to hold that the defense of double jeopardy is unavailing to petitioner under the circumstances and existent law. Petitioner was not prosecuted twice for the same offense before tribunals deriving their authority from the same sovereign. He was prosecuted and acquitted in the State Court of Missouri under its penal code for the felonious assault with a loaded pistol with the intent to kill. His indictment and conviction in federal court were for obstructing and conspiring to obstruct justice by injuring a Government witness in another federal prosecution in violation of 18 U.S.C.A. § 1503 and 18 U.S.C.A. § 371, respectively.

◼ The plea of double jeopardy is not only inappropriately raised where, as in the instant case, there is a lack of identity between the two offenses due to the dissimilarity in the elements of proof, Kistner v. United States, supra, but also is improvidently asserted even if given identical offenses, their proscription emanates from different sovereigns. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), reh. denied 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258 (1959); United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922).

Counsel for petitioner urges that we take the initiative and hold contrary to the majority opinions in these decisions because subsequent changes in personnel on the bench of the Supreme Court have resulted in a realignment of majority opinion now favoring the dissenter's argument that the Fifth Amendment prohibition against double jeopardy was "intended to establish a broad national policy against federal courts trying or punishing a man a second time after acquittal or conviction in any court." Dissenting opinion of Mr. Justice Black, Abbate v. United States, supra, 359 U.S. at 203, 79 S.Ct. at 675.

◼ This Court does not forecast the law of the Supreme Court when and if it should decide to reverse itself on the issues raised here. We are obliged to rigorously apply the prevailing, majority precedent.

Corresponding to its double jeopardy plea, petitioner submits that the correlative principles of res judicata and collateral estoppel bar the Government from retrying him for the alleged assault in a federal forum after he has been adjudged innocent in the state action to which the federal authorities by their intervention became a party. Petitioner takes the position that the federal government was in privity with the state as a result of its close cooperation in compiling and presenting the evidence in the state prosecution. Therefore, petitioner concludes the federal government became bound by the state judgment of acquittal.

◼ The doctrines of res judicata and collateral estoppel in criminal cases require that, to bar the litigation of an issue, the same issue must have been determined favorably to the accused, expressly or by necessary implication, in a prior adjudication between the *same parties*. See e. g., Hoag v. State of New Jersey, 356 U.S. 464, 470–471, 79 S.Ct. 829, 2 L.Ed.2d 913 (1958), reh. denied 357 U.S. 933, 78 S.Ct. 1366, 2 L.Ed.2d 1375 (1958); United States v. Kramer, 289 F.2d 909, 913 (2nd Cir. 1961).

◼ We need not dwell on the applicability of either doctrine or the ram-

ifications of each, because we are convinced petitioner's contention that the Government was a "party" to the state action is not well taken. Mere use in the state proceedings of the fruits of the mutual investigations by the Federal Bureau of Narcotics and Federal Bureau of Investigation, without more, does not infect the separate sovereignty of that prosecution, nor bind the federal government in any manner to the issues so resolved by the state judgment.

In his motion under Rule 35 to correct the alleged illegal sentence imposed for conviction of conspiracy on Count IV, petitioner does not attack the general rule in our law that one may be convicted and receive cumulative punishment for both the substantive statutory offense of obstructing justice under 18 U.S.C.A. § 1503 and conspiring to commit this federal crime under 18 U.S.C.A. § 371, the general conspiracy statute. The theory is that conspiracies to violate a penal law should be independently punishable because of the increased danger to society involved in group offenses. See Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), reh. denied 329 U.S. 818, 67 S.Ct. 26, 91 L.Ed. 697 (1946).

■ Petitioner argues that his multicount indictment falls within a recognized exception forbidding a conspiracy charge to be added to a substantive charge when it is shown that agreement of two persons is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime. The logic and justice underlying the exception prevent an accused from receiving double punishment for what is in actuality but one offense.

But where there is a lack of identity of offenses, as here, the narrow exceptions to the general rule are not applicable. Justice Douglas made this quite clear in Pinkerton, supra, 328 U.S. at 643–644, 66 S.Ct. at 1182, with the following authoritative observations:

> "It has been long and consistently recognized by the Court that the

commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established. Clune v. United States, 159 U.S. 590, 594–595 [16 S.Ct. 125, 126, 40 L.Ed. 269]. A conviction for the conspiracy may be had though the substantive offense was completed. See Heike v. United States, 227 U.S. 131, 144 [33 S.Ct. 226, 228, 57 L.Ed. 450]. And the plea of double jeopardy is no defense to a conviction for both offenses. Carter v. McClaughry, 183 U.S. 365, 395 [22 S.Ct. 181, 193, 46 L.Ed. 236]. It is only an identity of offenses which is fatal. See Gavieres v. United States, 220 U.S. 338, 342 [31 S.Ct. 421, 422, 55 L. Ed. 489]. Cf. Freeman v. United States, 6 Cir., 146 F.2d 978. A conspiracy is a partnership in crime. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 253 [60 S.Ct. 811, 858, 84 L.Ed. 1129]. It has ingredients, as well as implications, distinct from the completion of the unlawful project.

> \*   \*   \*   \*   \*   \*

> "Moreover, it is not material that overt acts charged in the conspiracy counts were also charged and proved as substantive offenses. As stated in Sneed v. United States, supra, p. 913 [Sneed v. United States, 5 Cir., 298 F. 911], 'If the overt act be the offense which was the object of the conspiracy, and is also punished, there is not a double punishment of it.' The agreement to do an unlawful act is even then distinct from the doing of the act."

One of the best illustrations of a substantive offense merging in the conspiracy so as to invoke the asserted exception to the general rule is found in United States v. Dietrich, 126 F. 664 (8th Cir. 1904). In that case a United States Senator and an alleged co-conspirator were indicted under the former general conspiracy statute for conspiring to vio-

late a federal law making it a crime for the congressman to agree to receive a bribe for aiding and procuring a governmental appointment for the latter. The court reasoned that because the statute the parties allegedly conspired to violate made substantive offenses of the acts of receiving or giving, as well as agreeing to receive or give, a bribe, concerted activity by a plurality of agents was essential to conception of the crime. Therefore, since all elements for commission of the substantive crime including agreement of the two offenders would be duplicated in any proof of their conspiracy to commit these concerted overt acts, absent other concerted activity or plurality of agents, the defendants' demurrer to the conspiracy charge would have to be sustained. See also e. g., United States v. Katz, 271 U.S. 354, 355, 46 S.Ct. 513, 70 L.Ed. 986 (1926).

■ Petitioner contends that he and one Anthony Cardarella were charged in Counts I and II with having jointly attacked the Government witness in violation of the obstruction of justice statute. He maintains that this allegation of joint action necessitated that the Government prove an implicit agreement between the two perpetrators in order to sustain a conviction for the substantive offenses. He further submits that proof of this same agreement, together with the other common elements of intent and knowledge, were essential to the conviction for conpiracy which was therefore nothing more than a duplication of charges.

As observed in United States v. Center Veal & Beef Co., 162 F.2d 766, 770 (2nd Cir. 1947), petitioner's reasoning misconceives the merger doctrine which comes into play only when agreement of two persons is *necessary* for completion of the substantive crime:

"(W)hen the crime, which is the object of the putative conspiracy, requires for its commission some reciprocal action of the conspirators

indicted, they may not be indicted for conspiring to commit it if they have in fact consummated it. This is because the crime presupposed their mutual agreement which was therefore a part of it."

While the proof adduced at trial may well indicate that petitioner and Cardarella, his co-offender and conspirator, acted jointly in committing a single assault upon their victim, neither concerted action nor agreement was fundamental to proof of their separate violation of the substantive crime of obstructing justice. Reciprocal action was not the essence of the crime.

For example, had petitioner and Cardarella offered the witness a bribe which he agreed to accept, there would be some authority for finding merger with the separate charge of conspiracy. Such an argument was advanced against an accused's being charged separately with both impeding justice by bribery of a juror and conspiracy to commit the offense in Slade v. United States, 85 F.2d 786 (10th Cir. 1936). Recognizing the teachings of Dietrich, supra, that concerted action was necessary to the offense of bribery so as to preclude the added charge of conspiracy, the court ruled that under the circumstances this defense to the separate charge of conspiracy was inapplicable. The court logically reasoned that the substantive offense was not bribery but influencing a juror and impeding justice, and the persons to be influenced, the jurors, were not parties to the conspiracy.

The analogy is apparent but need hardly be drawn with the instant case. The petitioner committed the similar offense of impeding justice by assault upon a Government witness who obviously did not agree to his own injury. Thus, the charges for both commission of the offense and conspiracy were not duplicitous but well founded.

The order denying the relief appealed from is affirmed.