Anthony **CARDARELLA**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18053.

United States Court of Appeals
Eighth Circuit.

Oct. 6, 1965.

————◆————

Anthony Cardarella, pro se.

Herbert J. Miller, Jr., Asst. Atty. Gen., Brian P. Gettings, Allen J. Krouse and James J. Featherstone, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and VAN PELT, District Judge.

PER CURIAM.

Anthony Cardarella, petitioner, was convicted under an indictment which charged him in Counts I and II with obstructing justice in violation of 18 U.S.C. § 1503 by shooting a government witness with a revolver because the witness had testified before a federal grand jury, and by the same assault attempting to intimidate and prevent the witness from testifying at trial in a subsequent federal prosecution. Petitioner was also convicted under Count IV of the indictment which charged him with conspiracy to obstruct justice in violation of 18 U.S.C. § 371.

Felix Ferina, a co-defendant of petitioner, was convicted under the same counts of the indictment, being charged along with petitioner and others under the conspiracy count.

Petitioner and his co-defendant Ferina were each sentenced to serve five years on substantive Counts I and II, the sentences to run concurrently, and under Count IV, the conspiracy charge, sentenced to serve a term of five years to run consecutively with the sentences imposed under Counts I and II.

This court affirmed the convictions of petitioner and Ferina. Ferina v. United States, 302 F.2d 95 (8th Cir. 1962), cert. denied sub nom. Cardarella v. United States, 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed. 2d 59 (1963).

Petitioner contends here that the consecutive sentence imposed double punishment for a single offense and has attacked the validity of the sentence under Rule 35, Fed.R.Crim.P.

Petitioner's co-defendant Ferina has heretofore collaterally attacked his judgment of conviction under 28 U.S.C. § 2255 and Rule 35. Ferina there maintained, among other contentions, that he received illegal sentences inflicting double punishment for a single offense as a result of a duplicitous indictment claiming a merger of the conspiracy and substantive counts. Upon Ferina's appeal from an adverse ruling of the District Court upon his collateral attack, we affirmed the judgment of the District Court denying Ferina the relief sought. Ferina v. United States, 340 F.2d 837 (8th Cir. 1965).

It is petitioner's claim here that the consecutive sentences imposed double punishment for only one offense. In his brief, petitioner recognizes the general rule that one may be convicted and receive cumulative punishment for both a substantive offense and a conspiracy to commit a federal crime. He asserts, how-

ever, that the same evidence was used to support both convictions, and an exception to the general rule is applicable; and he attempts to distinguish this appeal from Ferina, supra, 340 F.2d 837. Although petitioner's argument takes a different approach, the issue here is the same as in Ferina, supra, and we considered there not only the contention here made by Cardarella but other aspects of the issue as well, and affirmed the District Court in rejecting Ferina's similar claim of imposition of double punishment for one offense. In Ferina, we called attention to the teachings of Pinkerton v. United States, 328 U.S. 640, 643–644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946), where Mr. Justice Douglas made it quite plain that the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses; and "the plea of double jeopardy is no defense to a conviction for both offenses" and that "A conspiracy is a partnership in crime. * * * It has ingredients, as well as implications, distinct from the completion of the unlawful project."

For the reasons stated in Ferina, supra, 340 F.2d 837, and the cases therein cited, the order of the District Court denying petitioner relief is affirmed.