Anthony CARDARELLA, Petitioner,

v.

UNITED STATES of America,
Plaintiff.

No. 15931–2.

United States District Court
W. D. Missouri, W. D.

May 11, 1966.

Anthony Cardarella, petitioner, pro se.

James J. Featherstone, Dept. of Justice, Washington, D. C., for plaintiff.

ORDER OVERRULING PETITIONER'S "MOTION TO VACATE AND SET ASIDE JUDGMENT UNDER TITLE 28, SECTION 2255, U.S.C.A."

DUNCAN, Senior District Judge.

On March 22, 1966, the petitioner, who is now confined in the United States Penitentiary at Leavenworth, Kansas, filed a motion under § 2255 Title 28 U.S. C.A. to vacate and set aside the two consecutive five year sentences imposed upon him in United States of America vs. Anthony Cardarella, et al., on May 12, 1961. He alleges as grounds for his motion:

"I. The lack of diligence and acts of negligence by counsel for defense

resulted in petitioner being deprived of due process of law as guaranteed by the Fifth and Sixth Amendments.

(A) The lack of diligence by defense counsel resulted in loss of evidence extremely valuable to the defense of petitioner.

(B) Negligence by the defense counsel in not taking up on appeal the exceptions made to the trial court's instructions to the jurors resulted in petitioner losing his legal rights of raising, in a higher court, the question as to the merit contained in the exceptions.

(C) Negligence by the defense counsel in not taking up on appeal the motion made for a mistrial, on the grounds that the jurors were prejudiced by being permitted to return to their homes during deliberations, resulted in the petitioner losing his legal right of raising, in a higher court, the question as to the merit contained in the motion.

II. The trial court lacked the jurisdiction to try petitioner for the reason that the indictment was obtained in violation of the petitioner's rights guaranteed by the Fifth and Sixth Amendments to the Constitution.

(A) Petitioner was compelled to be a witness against himself in a criminal proceeding.

(B) Petitioner was denied the right to the assistance of counsel in a criminal proceeding."

Thereafter the United States filed its Suggestions in Opposition to the motion, and the petitioner filed his Reply thereto. No new matter was alleged in the Reply, except quoted evidence from the record with respect to the matters about which he is now complaining.

We see no advantage in going into the details of the offense for which he was indicted and convicted, as they appear, at length in Ferina v. United States, 8 Cir. 302 F.2d 95; Ferina v. United States, 8 Cir., 340 F.2d 837; Cardarella v. United States, 8 Cir. 351 F.2d 272;

Cardarella v. United States, 8 Cir., 351 F.2d 443.

This is the third motion filed by the petitioner attacking the validity of the sentences. The first motion, following the conviction, was filed on June 11, 1964. It was a motion filed under said § 2255 to vacate the judgment on the ground that the petitioner had been prejudiced by the failure of the trial court to sustain a motion for judgment of acquittal as to his co-defendant Anthony J. Biase, who was charged with conspiracy in the fourth count of the indictment along with the other defendants.

It was the petitioner's contention apparently in that case that he was prejudiced by the testimony introduced with respect to Biase's connection with the sale of narcotics in Omaha, which was the basis of an indictment against Biase in the United District Court at Omaha, and which was alleged to have led to the attack upon the informer Sheetz by Cardarella and Ferina. This motion was overruled by the trial court in a Memorandum Opinion dated July 23, 1964, affirmed in Cardarella v. United States, 8 Cir., 351 F.2d 443.

Thereafter on March 3, 1966, petitioner filed another "Motion for correction or reduction of illegal sentence under Rule 35 Federal Rules of Criminal Procedure." It was his contention in this motion that the consecutive sentences imposed upon him were illegal, i. e., that the sentence imposed under the count of the indictment charging conspiracy and under another count of the indictment alleging the substantive offense, placed him in double jeopardy and was void. In a Memorandum Opinion dated March 25, 1965, Judge Hunter overruled that motion.

On March 22, 1966, two days before the court ruled on his motion filed under Rule 35, the petitioner filed the motion now under consideration.

Said § 2255 provides that: "The sentencing court shall not be required to entertain a second or successive motion

for similar relief on behalf of the same prisoner." However, the courts have been liberal in their construction thereof and permit the filing and consideration by the court of more than one such motion. The section also provides that:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

█ We believe that the records in this case so conclusively show that the petitioner is not entitled to any relief on the grounds alleged in his motion that a hearing is not necessary.

The first ground upon which he relies, that is, that his counsel was guilty of lack of diligence and acts of negligence which resulted in depriving the petitioner of certain evidence to which he felt he was entitled to have presented; counsel's failure to present to the Court of Appeals the exceptions taken at the close of the trial to the charge of the court, and for failure to present to the Court of Appeals the alleged error of the court in permitting the jurors to separate after the conclusion of the testimony, will be disposed of first.

During the course of the trial the court very carefully charged the jury as to their responsibilities, and that they must not talk to other persons outside of the court room, read any newspapers or get any impressions from them, that they should not listen to any radio or view any television broadcasts during the course of the trial.

There was never at any time any request on the part of the defendants, or either of them, or their counsel, to confine the jurors during the course of the trial.

The record reveals that the testimony and the charge of the court were concluded on Thursday, April 20, 1961, and that after approximately two hours of deliberation, and at 5:30 o'clock p. m. on that day, the jury was excused until 9:30 o'clock a. m. on the following day, and that the court stated to the jury: "Please be very careful while you are away from here. You will be excused until 9:30 tomorrow morning." Upon convening court the following day, counsel for petitioner stated:

"Judge, we want to object and except to the separation of the jury after final submission in this cause, and in particular in view of the newspaper articles that have appeared in the morning paper, and the numerous radio broadcasts that have been issued by the various stations which have been extremely prejudicial to the defendants in this case.

I do not have a copy of the radio broadcasts but I do have a copy of the morning paper, the article of which appears on Pages 1 and 2 of the Times of Friday, April 21, 1961, which I would like to be marked as an exhibit and introduced in evidence with my motion to discharge the jury as a result of the separation after final submission in view of the widespread publicity, with the jury having been separated."

Counsel then read into the record, portions of the newspaper article referred to. In response to counsel's request, the Court stated:

"The court instructed the jury rather vigorously at each adjournment concerning their conduct. There was no request on the part of the defendants, or on the part of any of them, before the jury was discharged last night. There was no suggestion or even an intimation that any of the members of the jury had violated any of the Court's instructions with respect to reading the newspaper or listening to the radio broadcasts, or television, and in this kind of a case, in the opinion of the Court, it would not require the keeping of the jury together unless there were some unusual circumstances, and the Court knows

of no such request, and the request will be denied."

The jury then retired to consider further of their verdict and before any further adjournment or recess, the jury returned a verdict of guilty.

■ In view of the fact that no requests were ever made to hold the jury together prior to the morning of April 21, 1961, and in view of the fact that the jury returned a verdict before they were again permitted to separate, certainly no prejudice could have resulted.

The petitioner in his statement of facts and argument is particularly critical of his counsel for failing to present to the Court of Appeals among his statement of points to be argued and authorities relied on, the exceptions to the charge of the Court. Petitioner argues at great length his own views concerning the Court's charge and what his counsel told him concerning counsel's views as to the Court's charge, and he also repeats and reviews some of his own statements while he was a "guest" on "Night Beat" on a local broadcasting station following the return of the verdict.

Counsel who represented the petitioner were all of his own choosing, and the one to whom we believe he primarily refers, had represented petitioner and his co-defendant Ferina in the Circuit Court of the State of Missouri on two different occasions when they were tried for assault upon Sheetz. The first of these trials resulted in a hung jury and the second trial resulted in an acquittal.

It was thereafter that the Government indicted these two defendants and two other persons, and it was under that indictment that this defendant was tried and convicted in this court.

When the case was tried in the Federal Court, Ferina was represented by counsel of his own choice, who had not been engaged in the trial of the cases in the State Court, but Cardarella was represented by the same counsel and additional counsel also of his own choice. He does not mention either of his counsel by name in this motion.

His chief counsel has long been recognized as one of the most outstanding criminal lawyers at the Kansas City Bar, both Federal and State, and has enjoyed unusual success in the trial of criminal cases.

His associate counsel was a former member of the Federal Bureau of Investigation, and former assistant to the Attorney General of the United States, and long engaged in the practice of law at the Kansas City Bar. It would seem almost ridiculous to charge lawyers of their experience and standing with failure to perform their sworn duty as they saw it, to their client.

■ We do not believe that a lawyer may be held to be negligent in representing his client simply because the client does not agree with the manner in which he prepares and presents his case, either upon trial or on appeal.

It may be assumed, after reading the Court's charge, that although numerous exceptions were taken thereto, counsel for the petitioner felt that no error could be found in such charge, that it would be useless and futile to present it to the Court of Appeals. Petitioner is not a lawyer nor is he familiar with appellate practice.

Petitioner refers us in his motion to the language of the Court of Appeals in Ferina v. United States, 302 F.2d 95 where it said:

"The record plainly shows lack of diligence on the part of the defendants in the matter of discovery of the evidence in question." (This referred to certain evidence which was the basis of the motion for new trial on the ground of newly discovered evidence).

The evidence to which that referred was clearly available to all the parties and petitioner may not now complain for failure to have it produced under a § 2255 motion.

Petitioner further refers us to the language in his brief that he was "without the necessary funds to finance the prepa-

ration and printing of a full separate brief in this case." We may further quote from the same brief in which it was stated:

"This Appellant respectfully asks this Court to consider the brief of Appellant Felix Ferina filed in the companion case as adopted by him the same as if he had filed an identical separate brief."

Petitioner and Ferina were co-defendants and charged with the same offense, and the same evidence and rules of law applied to both defendants.

Ferina, as heretofore stated, was represented by counsel of his own choosing. One of his counsel in that case was also a former member of the Federal Bureau of Investigation and for many years had been First Assistant United States District Attorney for the Western District of Missouri. Associated with him was his partner, who is recognized as one of the outstanding appellate court practitioners in this circuit.

A brief, 83 pages in length was filed by Ferina. The identical questions raised on appeal are to be found in the Cardarella brief that were presented in the Ferina brief.

We believe the Court would not be justified in accepting this petitioner's bold, unsupported statement as a layman, against four such distinguished lawyers, that they failed to present material issues to the Court of Appeals, if in their broad legal experience they believed them to merit serious appellate consideration.

The last complaint is that:

"The trial court lacked the jurisdiction to try petitioner for the reason that the indictment was obtained in violation of the petitioner's rights guaranteed by the Fifth and Sixth Amendments to the Constitution.

(A) Petitioner was compelled to be a witness against himself in a criminal proceeding.

(B) Petitioner was denied the right to the assistance of counsel in a criminal proceeding."

The record clearly reveals that there was no question of the Court's jurisdiction, the indictment was not subject to a motion to quash, there was no part of the grand jury proceedings introduced in evidence against the defendants, nor is there any statement of any fact anywhere in his motion that the grand jury proceedings were in violation of his constitutional rights.

The most recent expression on this subject is found in West, Jr. v. United States, 8 Cir., 359 F.2d 50, decided April 20, 1966, when Judge Gibson said:

"An indictment is only a formal charge, necessitated by our system of law, to bring an accused into court to answer the charge made, and all evidence necessary to substantiate that charge beyond a reasonable doubt must be introduced at the trial—incompetent or inadmissible evidence, for whatever reason properly urged, is not admitted and of course could not affect the trial proceedings. * * * It is our opinion that the judicial policy which brought about the exclusionary rule would not be advanced in any significant degree by extending its application to grand jury proceedings."

The allegation that he was denied the right to assistance of counsel in a criminal proceeding refers to his appearance before the grand jury. Of course, he was not entitled to be represented by counsel in his appearance before the grand jury.

In view of the record before the Court, Petitioner's "Motion to vacate and set aside judgment under Title 28, Section 2255 U.S.C.A." is overruled.

It is so ordered.